[J-80-2013][M.O. – Castille, J.]

## IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| TERRENCE D. TINCHER AND JUDITH R. TINCHER, | : | No. 17 MAP 2013 |
| | : | |
| | : | Appeal from the Order of the Superior |
| Appellees | : | Court dated 9/25/12 at No. 1472 EDA |
| | : | 2011 which affirmed the judgment of the |
| v. | : | Chester County Court of Common |
| | : | Pleas, Civil Division, dated 6/1/11 at No. |
| OMEGA FLEX, INC., | : | 2008-00974-CA |
| | : | |
| Appellant | : | ARGUED:  October 15, 2013 |

## CONCURRING AND DISSENTING OPINION

**MR. JUSTICE SAYLOR**                          **DECIDED:  November 19, 2014**

I join the majority in the long overdue overruling of Azzarello v. Black Brothers Co., 480 Pa. 547, 391 A.2d 1020 (1978).  Left to my own devices, however, I would direct Pennsylvania substantive common law products liability theory into the framework delineated in the Products Liability segment of the Third Restatement of Torts.  As reflected in the majority opinion, this is the approach which I advocated twelve years ago in my concurrence in Phillips v. Cricket Lighters, 576 Pa. 644, 664-82, 841 A.2d 1000, 1012-23 (2003) (Saylor, J., concurring), and reaffirmed five years ago in my dissenting statement in Bugosh v. I.U. North America, Inc., 601 Pa. 277, 279-304, 971 A.2d 1228, 1229-44 (2009) (Saylor, J., dissenting).  If this Court's protracted experience with Azzarello, its progeny, and the associated no-negligence-in-strict-liability rubric demonstrates anything, it is that the adjudicative process is very poorly suited to

unstructured substantive lawmaking ventures such as ensued in <u>Azzarello</u>'s wake, and as are now heralded by the present majority opinion.[1]

Any adoption of the Third Restatement approach, of course, would be subject to the prerogatives of the General Assembly, which, in my view, bears the primary responsibility -- and is in a far superior position -- to make the social policy judgments essential to substantive lawmaking.  <u>See</u>, <u>e.g.</u>, <u>Seebold v. Prison Health Servs., Inc.</u>, 618 Pa. 632, 653, 57 A.3d 1232, 1245 (2012).


Mr. Justice Eakin joins this concurring and dissenting opinion.

---

[1] I am particularly uncomfortable with the integration into Pennsylvania product liability jurisprudence of an alternative, freestanding, skeletal consumer-expectations test, particularly in the absence of essential advocacy to support a decision of this magnitude.  Indeed, given the more limited manner in which the present appeal has been framed, I imagine this development will be met with substantial surprise in many quarters, to say the least.